944 F.2d 904
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
D. James GUNNETT, Sr., Petitioner-Appellant,
v.
Robert MAYOR, Respondent-Appellee.
 No. 91-1329.
 United States Court of Appeals, Sixth Circuit.
 Sept. 18, 1991.
 
 Before KEITH and BOYCE F. MARTIN, Jr., Circuit Judges, and KRUPANSKY, Senior Circuit Judge.
 
 ORDER
 
 1
 D. James Gunnett, Sr., a pro se Michigan prisoner, appeals the district court's judgment dismissing his petition for a writ of habeas corpus filed under 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Information concerning the conviction which resulted in Gunnett's incarceration is not available in the record because he does not complain of any constitutional violations regarding that conviction. Instead, Gunnett's habeas petition alleges that his constitutional right to due process was violated when he was convicted of sexual misconduct at a May 1987 prison disciplinary hearing. His penalty of 20 days loss of privileges has long since been completed. Gunnett's state appeal of that conviction was dismissed by the Tennessee Circuit Court for lack of jurisdiction (his application for review of the hearing officer's decision was filed one day late) and the Tennessee Court of Appeals and Supreme Court denied his 1990 delayed application for appeal.
 
 
 3
 In his present petition, Gunnett presents five grounds for relief concerning the disciplinary hearing itself and the circuit court's dismissal of his application for review. A magistrate issued a report and recommendation on January 30, 1991 in which he found Gunnett's application for habeas corpus to be "clearly improper." Because Gunnett was not challenging the constitutionality of his underlying state conviction, the magistrate determined that his action did not fall within the scope of § 2254. Gunnett filed a response in which he argued that his action was properly brought under § 2254 because his misconduct conviction may adversely affect a future parole board decision, thus lengthening his term of imprisonment. The district court rejected Gunnett's argument, adopted the magistrate's report and recommendation, and dismissed the case in a judgment filed February 12, 1991.
 
 
 4
 On appeal, Gunnett continues to argue that his petition is properly brought under § 2254 because he seeks a speedier release from prison. He requests the appointment of counsel in his brief.
 
 
 5
 Upon review, we affirm the district court's judgment because Gunnett's complaint is improperly brought under § 2254.
 
 
 6
 A state prisoner may file an application for a writ of habeas corpus "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The Supreme Court has interpreted this section to cover cases where a prisoner challenges the fact or duration of his confinement and seeks a speedier or immediate release. See Preiser v. Rodriguez, 411 U.S. 475, 490 (1973).
 
 
 7
 Gunnett argues that because he does not seek damages, but rather a speedier release from prison, his petition was properly filed under Preiser, which involved a challenge to prison disciplinary procedures by which the plaintiffs' good-time credits were forfeited. Loss of good-time credits has a direct and known effect on the fact or duration of a prisoner's incarceration. On the other hand, the effect of Gunnett's misconduct conviction on a possible future parole date is indirect and uncertain. As such, Gunnett's complaint has too tenuous a connection to the duration of his confinement to fall within the scope of § 2254. See Georgevich v. Strauss, 772 F.2d 1078, 1087 (3d Cir.1985) (en banc), cert. denied, 475 U.S. 1028 (1986); Clutchette v. Procunier, 497 F.2d 809, 813-14 (9th Cir.1974), as modified, 510 F.2d 613 (9th Cir.1975), rev'd on other grounds, 425 U.S. 308 (1976).
 
 
 8
 Accordingly, we deny the request for the appointment of counsel, and affirm the district court's judgment, as herein modified to be without prejudice to Gunnett's right to file suit under 42 U.S.C. § 1983. Rule 9(b)(3), Rules of the Sixth Circuit.